**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JORGE CAMPOS** ) | |
| ) | Case No. 08 C 2865 |
| Plaintiff, ) | |
| ) | |
| ) | THIRD AMENDED |
| vs. ) | COMPLAINT FOR VIOLATION |
| ) | OF CIVIL RIGHTS |
| CITY OF CHICAGO, Chicago Police Detectives ) | |
| William Brogan, Star No. 20319 and Kevin Pietruszck,) | |
| Star No. 21152, and Chicago Police ) | |
| Officers Craig Coughlin, Star No. 3818, ) | JUDGE MORAN |
| S. J. Wierciak Star No. 9306, Lt. Charlotte De La Torre) | |
| Star No. 356, and Assistant State's Attorney Emily ) | |
| Leuin, ) | |
| Defendants, ) | JURY DEMANDED |

Plaintiff alleges:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, plaintiff JORGE CAMPOS was and is a citizen of the United States, and was within the jurisdiction of this court. Plaintiff's date of birth is January 17, 1989.

1

4. At all times herein mentioned defendant Chicago Police Detective William Brogan, Star No. 20319, ("BROGAN") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned defendant Chicago Police Detective Kevin Pietruszck, Star No. 21152, ("PIETRUSZCK") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned defendant Chicago Police Officer Craig Coughlin, Star No. 3818, ("COUGHLIN") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

7. At all times herein mentioned defendant Chicago Police Officer S.J. Wierciak, Star No. 9306, ("WIERCIAK") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

8. At all times herein mentioned defendant Chicago Police Lieutenant Charlotte De La Torre Star No. 356, ("DE LA TORRE") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned defendant Cook County Assistant State's Attorney Emily Leuin, ("LEUIN") was employed by the Cook County State's Attorney, and was acting

under color of state law and as the employee, agent, or representative of the Cook County State's Attorney. This Defendant is being sued in her individual capacity.

10. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## **FACTUAL ALLEGATIONS**

11. On or about May 23, 2006, Plaintiff was lawfully in a public place, in the City of Chicago, County of Cook, State of Illinois.

12. On that day and place defendants Coughlin and Wierciak seized plaintiff.

13. Plaintiff did not consent to being seized.

14. There was no outstanding arrest warrant for plaintiff.

15. There was no legal cause to seize plaintiff.

16. After being seized by Coughlin and Wierciak plaintiff was handcuffed, and placed in the back seat of a Chicago Police Department marked squad car.

17. Thereafter, plaintiff was held in a Chicago Police Department Facility for more than 48 hours before being taken before a judge.

18. Brogan, De La Torre, Coughlin, Wierciak, and/or Pietruszck were responsible for the decision to detain plaintiff for more than 48 hours before being before a judge.

19. Defendants Brogan and Pietruszck were assigned to investigate shooting that occurred on May 23, 2006, near the location of plaintiff's seizure. Plaintiff was not involved in the shooting.

20. As part of that investigation Brogan interviewed at least two possible witnesses to the shooting including Angelo Williams and Ricky Pouncy.

21. Defendant Leuin assisted Brogan with the investigation of the shooting, was present for an interview of Mr. Pouncy, and created a statement for Mr. Pouncy to sign as part of the investigation.

22. During his interview Angelo Williams did not identify plaintiff as the person responsible for the shooting.

23. During his interview Ricky Pouncy did not identify plaintiff as the person responsible for the shooting.

24. Defendants Coughlin, Wierciak, Brogan, Pietruszck, and Leuin prepared/created police reports, investigative reports, interview notes, and/or written statements falsely stating that Angelo Williams and/or Ricky Pouncy identified plaintiff as the person responsible for shooting a person on May 23, 2006.

25. Defendant Leuin knew at the time that she prepared a written statement by Ricky Pouncy purporting to identify plaintiff as the shooter that Ricky Pouncy did not make any such statement.

26. At the time Defendant Leuin created this false statement she knew plaintiff was being involuntarily held in police custody without probable cause to support an arrest of plaintiff.

27. At the time Defendant Leuin created this false statement she did so for the purpose of trying to create probable cause to arrest and/or criminally charge plaintiff.

28. Defendant Leuin's participation the investigation of the shooting took place before any member of the Chicago Police Department ever formally sought/requested that any criminal charges against plaintiff be approved by any member of the Cook County State's Attorney's Office.

29. Defendant Leuin's participation the investigation of the shooting took place before any criminal charges against plaintiff were approved by any member of Cook County State's Attorney's Office.

30. Defendant Leuin's participation the investigation was contemporaneous with and in conjunction with the Chicago Police Department's initial investigation of the shooting.

31. By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to her damage in an amount to be ascertained.

32. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

33. By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### Plaintiff Against Coughlin and Wierciak for
### UNREASONABLE SEIZURE

34. Plaintiff hereby incorporates and realleges Paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

35. By reason of the conduct by Coughlin Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

36. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendant violated the Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

### Plaintiff Against Coughlin, Wierciak, Pietruszck, Brogan, De La Torre, and other unknown Chicago Police Officers
### For Failure to Promptly Process Plaintiff

37. Plaintiff incorporates and alleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

38. Plaintiff was held for more than forty eight (48) hours in the custody of the Chicago Police Department before he was brought before any judge for any proceeding, including but not limited to, a bond hearing or probable cause hearing.

39. Brogan, Pietruszck, Coughlin, Wierciak, and De La Torre had the ability and duty to cause plaintiff to be brought before a judge within 48 hours of his arrest but failed to do so.

40. This delay in and of itself is a violation of the Fourth and/or Fourteenth Amendment to the United States Constitution requiring a prompt judicial determination of probable cause and/or bond following a warrantless arrest. As a result, the individual defendants and each of them are liable under 42 U.S.C. §1983.

## COUNT III

### Plaintiff Against Coughlin, Wierciak, Brogan, and Pietruszck
### For VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS

41. Plaintiff incorporates and alleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

42. The individual defendants and each of them, individually and in a conspiracy with one another created false documentation indicating that witnesses had identified plaintiff as a person who had shot another person on May 23, 2006.

43. Defendants' purpose in creating false documentation as they did was malicious and for the purpose of pressuring plaintiff to plead guilty to the shooting, and/or of having plaintiff convicted of shooting another person.

44. Additionally, after initially seizing plaintiff Coughlin did not immediately transport plaintiff to Chicago Police Department facility. Rather, he caused plaintiff to be transported to an area near where the shooting occurred and subjected him to a highly suggestive identification procedure in which Coughlin asked witnesses to the shooting if plaintiff, who was sitting alone, handcuffed, in the rear of a marked Chicago Police Department squad car if plaintiff was involved in the shooting.

45. Each of the individual defendants' conduct was in violation of the Fourth, Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution and laws enacted thereunder. As a result, these defendants are liable to the plaintiff under, but not limited to, 42 U.S.C. §1983.

## COUNT IV

### Plaintiff Against Leuin
### For VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS

46. Plaintiff incorporates and alleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

47. Defendant Leuin deliberately fabricated evidence against plaintiff, in the form of a false witness statement, as part of the initial investigation into the shooting for the purpose of

trying to create probable cause to arrest and/or criminally charge plaintiff with being involved in the shooting. Defendant Leuin fabricated this evidence with the knowledge that prior to the fabrication there was not probable cause to arrest or charge plaintiff with a crime. Defendant Leuin knew that her fabrication would lead to criminal charges against plaintiff being approved by the Cook County State's Attorney's Office based upon her fabrication, and that when the charges were approved plaintiff would be deprived of his liberty and incarcerated at Cook County Jail. The evidence fabricated by Leuin led to plaintiff being charged with a crime and incarcerated at Cook County Jail.

48. At all times herein mentioned plaintiff had a constitutional right not to be deprived of liberty as a result of fabricated evidence by a government officer acting in an investigatory capacity.

49. Defendant Leuin's conduct was in violation of the Fourth, Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution and laws enacted thereunder. As a result, she is liable to the plaintiff under, but not limited to, 42 U.S.C. §1983.

**COUNT V**

**Plaintiff Against Coughlin, Wierciak, Brogan, and Pietruszck**
For UNREASONABLE DETENTION

50. Plaintiff incorporates and alleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

51. After plaintiff was seized and transported to a Chicago Police Department facility defendants Coughlin, Wierciak, Brogan, and Pietruszck failed to take any steps to cause plaintiff to be released from police custody.

52. Brogan, Wierciak, Coughlin, and Pietruszck, knew plaintiff was being held in police custody despite the fact that there was no probable cause to arrest him, or to continue detaing him in police custody.

53. Brogan, Wierciak, Coughlin, and Pietruszck and each of them, had the ability and duty to cause plaintiff to be released from police custody due to the lack of probable cause supporting his arrest and continued detention in police custody.

54. The Defendants' arbitrary and baseless detention of plaintiff was in violation of Plaintiff's Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT VI**

**Plaintiff Against The City of Chicago**
For
**MONELL LIABILITY**

55. Plaintiff incorporates and alleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

56. During all relevant times, the City of Chicago knowingly, and with willful and deliberate indifference to the Constitutional rights of citizens, maintained and permitted a widespread custom and practice of permitting the occurrence of the types of wrongs set forth in the following paragraph.

57. During all relevant times, the City of Chicago maintained a widespread custom and practice of its police officers and detectives not promptly presenting arrestees before a judge for a bond hearing, probable cause hearing, or other hearing within 48 hours of a warrantless arrest.

58. Further, during all relevant times, the City of Chicago failed to train its officers and detectives to obtain a prompt probable cause or preliminary hearing, and/or affirmatively trained and instructed officers and detectives that it was appropriate not to require a probable cause, bond, or other hearing within 48 hours after a suspect had been arrested.

59. Plaintiff alleges that these customs, policies and training, described above, were the moving force behind the violations of the Plaintiff's rights. During all relevant times, the law required that officers obtain probable cause determinations from a neutral magistrate within 48 hours of arrest. Based upon the principles set forth in Monell v. New York City Department of Social Services, the City of Chicago is liable for all the harm done to plaintiff as set forth above.

60. As a result of not timely obtaining a timely probable cause hearing, plaintiff was injured in all the ways set forth above, and as a result, the City of Chicago is liable under 42 U.S.C. §1983.

## COUNT VII

**Plaintiff Against defendants Coughlin, Wierciak, Brogan, Pietruszck, and the CITY OF CHICAGO For The State Supplemental Claim Of Malicious Prosecution**

61. Plaintiff incorporates and alleges paragraphs one (1) through thirty one (31) hereat as though fully set forth at this place.

62. Defendants Coughlin, Wierciak, Brogan, and Pietruszck caused a criminal prosecution to commence against the plaintiff.

63. Defendants Coughlin, Wierciak, Pietruszck, and Brogan, police officers employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against the plaintiff without probable cause for the institution of these proceedings. As a result, plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

64. Defendants Coughlin, Wierciak, Brogan, and Pietruszck initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

65. The criminal proceedings were terminated in the plaintiffs' favor on or about September 24, 2007, when he was found not guilty.

66. The CITY OF CHICAGO is liable to plaintiff for the acts of Coughlin, Wierciak, Pietruszck, and Brogan pursuant to the doctrine of *respondeat superior.*

67. Therefore, defendants Coughlin, Wierciak, Brogan, Pietruszck and the CITY OF CHICAGO are liable under the state supplemental claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: /s/Garrett Browne
Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                                             BY: /s/ Garrett Browne
                                                                   Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com